FILED

**NOT FOR PUBLICATION**

AUG 01 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAYNA PADULA, | No. 11-17117 |
| Plaintiff - Appellant, | D.C. No. 2:05-cv-00411-MCE-EFB |
| v. | |
| ROBERT MORRIS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Chief District Judge, Presiding

Argued and Submitted April 16, 2013
San Francisco, California

Before: SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Plaintiff Dayna Padula appeals the district court's award of costs to the

defendants following a jury verdict in favor of the defendants. We reverse and

remand.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Padula argues that the district court erred when it failed to consider her indigence or inability to pay the award of costs because her declaration was unsigned. We agree. The record contained another copy of the declaration opposing costs and an IFP affidavit, both signed under penalty of perjury, when the district court ruled on costs and denied the IFP motions. Because the district court incorporated its ruling from the IFP order into the costs order and the IFP motions included evidence of Padula's inability to pay, the district court should have considered her ability to pay costs. *See Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003); *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079-80 (9th Cir. 1999). We express no opinion on whether the district court should or should not tax costs against Padula. The district court has discretion to refuse to tax costs.

The district court did not abuse its discretion when it held that defendants' errors in the first bill of costs, which were immediately corrected after Padula's objection, did not rise to the level of misconduct that warranted the punishment of a total denial of costs. *Dawson v. City of Seattle*, 435 F.3d 1054, 1071 (9th Cir. 2006).

The district court did not abuse its discretion by taxing deposition transcript, PACER, and copy costs. Disallowance for expenses of depositions not used at trial

is within the district court's discretion. *Wash. State Dep't of Transp. v. Wash. Natural Gas Co.*, 59 F.3d 793, 806 (9th Cir. 1995) (citing *Economics Laboratory, Inc. v. Donnolo*, 612 F.2d 405, 411 (9th Cir.1979)).  Thus, the district court was permitted to tax the costs in its discretion, even if the materials were not used at Padula's trial.  *Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc.*, 260 F.3d 1054, 1061 (9th Cir. 2001).

The district court abused its discretion by taxing $328.00, defendants' half of the cost for airline tickets for the Padula and Feri depositions, because the parties agreed to split these costs.  On remand, the district court should consider earlier agreements between the parties to pay costs if it taxes costs against Padula.

REVERSED AND REMANDED.